Curia, per

Butler, J.
The only serious question in this case is, whether the letter from Robinson to defendant, was properly admitted in evidence. For as to the other questions of fact, they have been disposed of by the verdict of the jury¡ The letter from Robinson to defendant was received by the latter, and is his voucher that the debt had been paid, as much so as if Robinson had executed a formal release, or had given him a receipt in full. It cannot be regarded as the isolated declaration of Robinson, made to a third person, and which the defendant might not have assented to, as a deliberate settlement of their demands. In the application of the funds, the defendant might have been interested to repudiate the acquittance of Robinson; but so soon as the letter was delivered to him, might it not operate! as a relinquishment of the debt, for valuable consideration '? And in this respect the paper should be regarded, rather like the act and deed of Robinson, than an irresponsible admission of a third person. Why is it, that it is our every day’s practice to allow a receipt of a third party, in a collateral question, to be given in evidence, without calling the party himself'l If a note were to come collaterally in question, in a contest between strangers to it, a receipt on the back of such note, made by the holder, against his interest and with the consent of the maker, could be proved without calling the party making it. Such a receipt, however, not assented to by the maker, might not be evidence, as possibly it might have been made to the prejudice of the maker’s rights, and not against the interest of the holder. When parties exchange receipts, or one party gives another a receipt, a debt is thereby extinguished, not by the declaration of one, but by *56 the consent of both; as much so as when the debt was originally created. One is the extinguishment, and the other the creation of a contract, and they should be regarded as constituting the act of both parties, rather than the disconnected declarations of each ; and, as such, may be proved by the evidence of third persons, establishing the genuineness of the transaction. And would not such evidence be of as high a character as that which could be given by one of the parties to the paper % What more could Robinson have said in this case, than that he wrote the paper, and that it was received by the defendant. The defendant, by producing the letter, shewed the same thing; and the paper speaks its own contents with more certainty than the parties to it could do.. This then is not like a mere entry in a book, or the declaration of a third person, who may be examined in court. But it is producing an instrument binding on two, as their own act and deed. In this view then (and I think the case is fully susceptible of it,) there can be no objection, to the evidence complained of. But in collateral questions, is it not every day’s practice to admit even secondary evidence; such as recorded deeds, receipts by parties in the sheriff’s office, probate of deeds before justices, <fec., not always to establish rights under such papers, but that they exist, and that third persons are not at the time of trial claiming under them. Well, in this way the defendant proved the existence of a receipt, and that Robinson had not claimed against it, leaving the inference to be drawn that the judgment had been paid, as explained by the letter. And another view may be taken of the letter, and that is, that Hunter never could have disputed it against the understanding of the original parties between whom it passed. As to him and all the world, it was conclusive, so long as the parties interested were satisfied. So long as they were satisfied, no one else had any right to complain. A majority of the court think this motion should be refused. Motion refused.
Richardson, O’Neall and Earle, JJ., concurred.
Wardlaw, J. doubted as to the admissibility of the letter.
Evans, J. dissented.